PAMELA L. SCHULTZ (SBN 269032)
pamela.schultz@kennedyslaw.com
BRAD PACE (SBN 302510)
brad.pace@kennedyslaw.com
KENNEDYS CMK LLP
101 California Street, Suite 1225
San Francisco, CA 94111
Telephone:  415-323-4463
Facsimile:   415-323-4445

Attorneys for Plaintiff in Limitation
SEA SHEPHERD CONSERVATION
SOCIETY, as owner of the
M/V FARLEY MOWAT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In the matter of the Complaint of SEA SHEPHERD CONSERVATION SOCIETY, as owner of the Motor Vessel FARLEY MOWAT, IMO No. 4685327, and her engines, equipment, tackle, apparel, appurtenances, etc., for Exoneration from or Limitation of Liability. | **IN ADMIRALTY**<br><br>Case No. 2:21-cv-07098<br><br>**COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY**<br><br>Complaint Filed:<br>Trial Date:  TBD |

COMES NOW Plaintiff in Limitation SEA SHEPHERD CONSERVATION SOCIETY ("Plaintiff in Limitation"), as owner of the Motor Vessel FARLEY MOWAT, IMO No. 4685327 (the "FARLEY MOWAT" and/or "Vessel"), and her engines, equipment, tackle, apparel, appurtenances, etc., and states as follows:

**JURISDICTION**

1. This is an action pursuant to 46 U.S.C. §§ 30501, *et seq*., the Shipowners' Limitation of Liability Act (the "LOLA") and Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rule F"), for Exoneration From or Limitation of Liability, and this Court has original federal question jurisdiction over this action under 28 U.S.C. § 1331.  This action is an admiralty and maritime claim within the meaning of Federal Rules of Civil Procedure

9(h) and 38(e), and Supplemental Rule F, and is also within the original admiralty and maritime jurisdiction of the Court pursuant to 28 U.S.C. § 1333.

## PARTIES

2. Plaintiff in Limitation, Sea Shepherd Conservation Society ("Sea Shepherd"), is a non-profit corporation organized and existing under the laws of the State of Oregon, and is and was, at all relevant times the owner and operator of the FARLEY MOWAT within the meaning of, *inter alia*, 46 U.S.C. §§ 30501, *et seq.* and Supplemental Rule F.

3. The FARLEY MOWAT is a Motor Vessel being approximately 110 ft. in length, weighing 174 gross tons, duly documented under the laws of the Commonwealth of Dominica, IMO No. 4685327.

## VENUE

4. Venue is proper in this District under Supplemental Rule F(9) because Plaintiff in Limitation is a defendant in two lawsuits pending in this District, as set forth in Paragraphs 12 through 17 below.

## GENERAL ALLEGATIONS UNDER THE LOLA

5. Prior to and at all times hereinafter described, Plaintiff in Limitation exercised due diligence to make the FARLEY MOWAT in all respects seaworthy, and at all times hereinafter described the FARLEY MOWAT was, in fact, fully and properly manned, equipped, and supplied, and in all respects seaworthy, and was fit and proper for the service in which the FARLEY MOWAT was engaged at the time of the incident(s) referenced below.

6. The voyage commenced in Mexico and ended in Guaymas, Sonora, Mexico on January 5, 2021.

7. Plaintiff in Limitation, on information and belief, alleges ANGELA TOLEDO MARIN, individually and as Executor of the Estate of MARIO TOLEDO GARCIA, KAREN AMERICA TOLEDO OLIVERA, KIMBERLY TOLEDO OLIVERA, and SERGIO MARTINEZ VALDEZ (collectively referred to herein as

"Claimants") were, at all times relevant to this action, individuals residing within the Mexican State of Baja California Norte ("BCN"), Mexico.

8. On or about March 24, 2021, Claimants filed an action entitled *Angela Toledo Marin, et al. v. Sea Shepherd Conservation Society, et al.*, Case No. 2:21-cv-02553-ODW-KS, pending in the United District Court for the Central District of California (the "Federal Court Action") against Plaintiff in Limitation. The amount of damages is not set forth in the Complaint in the Federal Court Action, and therefore, is unknown.

9. On or about April 1, 2021, Sergio Martinez Valdez filed an action entitled *Sergio Martinez Valdez v. Sea Shepherd Conservation Society, et al.*, Case No. 21STCV12432, pending in the Superior Court of California for the County of Los Angeles (the "State Court Action") against Plaintiff in Limitation, and, to date, has not dismissed his claims in the Federal Court Action. The amount of damages is not set forth in the Complaint in the State Court Action, and therefore, is unknown.

10. The Federal Court Action and State Court Action are collectively referred to as the Underlying Actions.

11. For the avoidance of doubt, by referring to the facts as alleged by Claimants in the Underlying Actions, Plaintiff in Limitation does not in any way admit or concede the accuracy of any of those facts, and reserves its right to supplement or amend this Complaint if, and to the extent necessary, relevant discovery reveals additional facts.

12. The Federal Court Action alleges, *inter alia*, that on December 31, 2020, Mario Toledo Garcia ("Toledo") and Sergio Martinez Valdez ("Martinez") were (supposedly) utilizing nets to fish for shrimp from a small boat in the Upper Gulf of California, off the shore of San Felipe, BCN, Mexico. Toledo and/or Martinez were operating a small boat or "panga" owned by Omar Barraza Carranza.

13. The Federal Court Action further alleges that the FARLEY MOWAT did not reduce its speed, change course or take evasive action to avoid a collision with the

panga, and the FARLEY MOWAT had ample time to take such action.

14. The State Court Action alleges, *inter alia*, that on December 31, 2020, in the waters near San Felipe, Mexico, Toledo and Martinez were retrieving their fishing nets from a panga.

15. The State Court Action alleges that the FARLEY MOWAT intentionally collided with, or rammed, the panga which Toledo and/or Martinez were operating.

16. The aforementioned allegations are not true. Rather, the aforementioned panga aggressively and without warning swerved in front of the FARLEY MOWAT and crashed directly into the bow of the FARLEY MOWAT, which Vessel was underway and did not have any time to avoid the collision.

17. The location of the collision as described in the Federal Court Action and the State Court Action and where the collision took place is in the Upper Gulf of California, which is in the internal maritime waters of Mexico.

18. Plaintiff in Limitation presently seeks Exoneration From or Limitation of Liability for its purported liability for Toledo's death and Valdez's injuries, as well as Claimants' other associated claims stemming from the collision, or any other claims stemming from the collision or those claims referenced in the Underlying Actions.

19. At all relevant times herein, the FARLEY MOWAT had no known liens, claims or other demands on it prior to or paramount to those which may have occurred by reason of the acts referenced in Paragraphs 12 through 17 above and/or in the Underlying Actions.

20. The FARLEY MOWAT was operated and maintained by representatives and/or employees of Plaintiff in Limitation, and no other parties were involved in the daily maintenance and operation of the Vessel.

21. Except as to Claimants, Plaintiff in Limitation is unaware of the identity of any other individuals and/or entities who may be or are entitled to make a claim with respect to the allegations in Paragraphs 12 through 17 above and/or the Underlying Actions.

22. Any and all movements of the FARLEY MOWAT referred to in Paragraphs 12 through 17 above and/or the Underlying Actions commenced in the internal navigable waters of Mexico and were intended to begin and end, and did begin and end, in the navigable waters of Mexico, which lies outside this District.

23. On information and belief, as of the date of the filing of this Complaint for Exoneration From or Limitation of Liability, no lawsuit has been filed by any other person or entity related to the collision and/or incidents as described in Paragraphs 12 through 17 above and/or the Underlying Actions.

24. Claimants' Federal Court Action and State Court Action allege they are seeking damages for injuries they allegedly sustained, of an undetermined amount, but which Plaintiff in Limitation believes will likely be sought in an amount in excess of the value of the FARLEY MOWAT.

25. The collision and/or incidents set forth in the Underlying Actions and any alleged damages therefrom occurred without the privity and knowledge on the part of Plaintiff in Limitation, or its agents or officers, or any of them, or anyone whose privity or knowledge is, or may be, imputable to Plaintiff in Limitation.

26. The collision and/or incidents set forth in the Underlying Actions and any alleged damages therefrom were not caused or contributed to by any fault, privity or knowledge on the part of the Plaintiff in Limitation.

27. The collision and/or incidents set forth in the Underlying Actions and any alleged damages therefrom resulted from intentional, reckless and/or grossly negligent actions of Toledo and/or Martinez, for which actions Plaintiff in Limitation is not responsible, and for which actions Claimants are directly responsible.

28. Alternatively, the collision and/or incidents set forth in the Underlying Actions and any alleged damages therefrom resulted from some other excusable cause, including, but not limited to, and without admitting that any occurred, peril or accident of the sea, acts of war or public enemies, Act of God, riots or civil commotion, saving or attempting to save life at sea and/or error in navigation, warranting complete

exoneration from liability and/or fault on the part of the FARLEY MOWAT.

29. On January 13, 2021, the Captain of the FARLEY MOWAT, in accordance with Mexican law, submitted a *Denuncia Penal* which is a complaint brought before a Federal Criminal Prosecutor in Mexico, accompanied with evidence, seeking that a decision be made regarding the initiation by the aforesaid prosecutor of criminal proceedings against anyone who may be found responsible for the commission of any crimes relating to the incident. Upon information and belief, the Mexican Government, through the *Fiscalía General de la República* (General Office of the Federal Prosecutor) has and continues to undertake a full official criminal investigation of the incidents on December 31, 2020.

30. At all relevant times, Plaintiff in Limitation was not aware of any allegedly unsafe conditions, improper or unsafe maneuvering, excessive speed, failure to maintain a lookout, improper training of the crew, or failure to comply with any laws, regulations, statutes, codes, rules or standards on the FARLEY MOWAT as asserted by Claimants in the Underlying Actions.

31. While not in any manner admitting liability for any injuries or damages which any claimant or representative might at some point in the future allege that he, she or it has suffered, and hereby expressing the desire to contest all liability, Plaintiff in Limitation hereby invokes the benefits of Exoneration From or Limitation of Liability as provided by 46 U.S.C. §§ 30501, *et seq.* and Supplemental Rule F. Plaintiff in Limitation desires first to be completely exonerated from any and all such claims, and, if not exonerated, in the alternative, to limit its liability, if any, to all claimants, for any and all said claims, to a maximum of liability equivalent to Plaintiff in Limitation's interest in the FARLEY MOWAT on or after the time of the incidents set forth in Paragraphs 12 through 17 above and/or the Underlying Actions and/or any other action which may be brought against it.

32. As set forth in the Declaration of Bill Trenkle Attesting to the Fair Market Value, attached hereto as "**Exhibit A**", the value of Plaintiff in Limitation's interest in

the FARLEY MOWAT at the relevant time was no more than Three Hundred Twenty Five Thousand Dollars ($325,000.00).

33. Not more than six months have elapsed between Plaintiff in Limitation's receipt of any written notice, which potentially constituted the first written notice of any claim as contemplated by 46 U.S.C. § 30511.

34. Plaintiff in Limitation, as owner of the FARLEY MOWAT, seeks exoneration from any and all losses, damages, injuries, or other claims in any way relating to the incidents set forth in Paragraphs 12 through 17 above and/or the Underlying Actions, and Plaintiff in Limitation further claims the benefit of limitation of liability as provided for in 46 U.S.C. §§ 30501, *et seq.*, and specifically and particularly under the provisions of 46 U.S.C. § 30505.

35. Plaintiff in Limitation is ready, willing, and able to give, and hereby does give a stipulation for value, and after approval from the Court, to tender a stipulation with sufficient surety in the form of a letter of undertaking from their insurer, or other security approved by the Court, for payment into the Court of the amount or value of Plaintiff in Limitation's interest in the FARLEY MOWAT, being Three Hundred Twenty Five Thousand Dollars ($325,000.00), plus interest thereon at the legal rate of six percent (6%) per annum, plus security for costs in the amount of $1,000, as required by Local Admiralty Rule 83-F.1, whenever the same shall be ordered herein.

36. Plaintiff in Limitation is willing to increase the amount of the letter of undertaking or security as the Court may order from time to time, together with interest.

37. This Complaint has been filed as a defensive measure and so as to comply with the statutory timing requirements of 46 U.S.C. §§ 30511, which requires that Plaintiff in Limitation file a complaint no later than six months after receipt of written notice of a claim which potentially gives rise to a claim for limitation.

38. This Complaint is also filed without prejudice to, and without waiver of, any defenses to the lawsuits which have been filed against Plaintiff in Limitation and of which it is presently aware, *i.e.* the Underlying Actions.

39. This Complaint is also filed without prejudice to Plaintiff in Limitation's assertion of its rights to dismiss both of the Underlying Actions on the basis of *forum non conveniens*, international comity or other similar doctrines. *See M/S BREMEN v. Zapata Off-Shore*, 407 U.S. 1, 2, 19-20 (1972).

40. This Complaint is also filed with a reservation of rights to permit any claims asserted in the Underlying Actions to be made in the captioned action, *i.e.* a concursus.

41. This Complaint is also filed without waiver of Plaintiff in Limitation's right to file a limitation action in another forum outside of the U.S., including but not limited to Mexico. Plaintiff in Limitation reserves its right to seek a stay or dismissal of this action should the Underlying Actions and/or the claims made therein be determined to be appropriate for resolution in Mexico.

42. Plaintiff in Limitation specifically reserves the right to assert that foreign law, including but not limited to the law of Mexico and its limitation of liability law, applies to the determination of liabilities arising out of, or relating to, the incident and to the amount of liability.

43. A request for dismissal on the basis of *forum non conveniens* will be filed in the Federal Court Action.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff in Limitation prays:

1. That this Court accept the Declaration of Bill Trenkle Attesting to the Fair Market Value as the value of the FARLEY MOWAT;
2. That this Court enter orders as appropriate and required by law and the Federal Rules of Civil Procedure, including Rule F(1), F(3) and F(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions;

3. That this Court accept the *Ad Interim* Stipulation of Value as the posting of security in accordance with Rule F(1) of the Supplemental Rules of for Admiralty or Maritime Claims and Asset Forfeiture Actions;

4. That this Court approve any additional security offered by Plaintiff in Limitation pursuant to Rule F(1), F(3) and F(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions;

5. That this Court adjudge that Plaintiff in Limitation and the FARLEY MOWAT and any other vessel owned by Plaintiff in Limitation are not liable to any extent for any injury, loss or damage or for any claims whatsoever in any way arising out of, or in consequence of, the facts as alleged by Claimants in the Underlying Actions, the collision and/or the incidents;

6. That if Plaintiff in Limitation shall be adjudged liable, for an order that such liability be limited to the value of the FARLEY MOWAT, or less, and only if said Vessel contributed to the incident, that the monies paid, surrendered or secured to be paid as aforementioned, be divided *pro rata* among such claimants as may fully prove their claims, saving to all parties any priorities to which they may be legally entitled, and that a decree be entered discharging Plaintiff in Limitation and the FARLEY MOWAT and any other vessel owned by Plaintiff in Limitation from any and all further liability.

7. For any other relief as the Court may deem just and proper.

DATED: September 2, 2021                KENNEDYS CMK LLP

By: /s/ *Pamela L. Schultz*
PAMELA L. SCHULTZ
BRAD PACE

Attorneys for Plaintiff in Limitation
SEA SHEPHERD CONSERVATION
SOCIETY, as owner of the
M/V FARLEY MOWAT