**BANNING LLP**
William L. Banning (CA Bar No. 75757)
wbanning@banningllp.com
16409 Via de Santa Fe
PO Box 9600
Rancho Santa Fe, California 92067-9600
(858) 756-0056 Main
(858) 756-0003 Fax

*Attorneys for Claimant Sergio Martinez Valdez*

# IN THE UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In the matter of Complaint of SEA SHEPHERD CONSERVATION SOCIETY, as owner of the Motor Vessel FARLEY MOWAT, IMO No. 4685327, and her engines, tackle, apparel, appurtenances, etc., for Exoneration from or Limitation of Liability. | **Case No.: 2:21-cv-07098-ODW-KS**<br><br>**CLAIM AND ANSWER TO COMPLAINT OF SERGIO MARTINEZ VALDEZ FOR EXONERATION FROM OR LIMITATION OF LIABILITY PURSUANT TO SUPPLEMENTAL RULE F**<br><br>**DEMAND FOR JURY TRIAL** |

COME NOW Claimant SERGIO MARTINEZ VALDEZ, by Counsel, pursuant to Federal Rules of Civil Procedure, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules") Rule F, and alleges as follows as his Claim for Damages against Claimant and Answer to the Complaint and Petition of the SEA SHEPHERD CONSERVATION

SOCIETY ("SEA SHEPHERD") in a Cause For Exoneration from or Limitation of Liability ("Complaint").

# I.

## CLAIMANT'S CLAIM FOR DAMAGES
## GENERAL ALLEGATIONS

1. This action arises out of a ramming ("Ramming") by M/V FARLEY MOWAT ("FARLEY MOWAT") of a small fishing vessel ("Panga"), which occurred on December 31, 2020, at approximately 700 hours in the waters of the Gulf of Baja California near San Felipe, Baja California Norte, Mexico (the "Ramming"). The scene leading up to and including the Ramming is captured by a video from the bridge of FARLEY MOWAT.

## JURISDICTION

2. Subject matter jurisdiction in this case is based on admiralty or maritime jurisdiction under 28 U.S.C. § 1333(1).

## PARTIES

3. At the time of the Ramming, Claimant was performing his work as a commercial shrimp fisherman in the Panga along with fellow fisherman Mario Garcia Toledo ("Decedent"). Claimant was badly injured in the Ramming, and Decedent died from the injuries he sustained by the Ramming.

4. Claimant is a citizen of Mexico, who resided in San Felipe, Baja California Norte, Mexico at the time of the Ramming.

5. FARLEY MOWAT is a 103.4-foot motor vessel displacing 174 gross tons that was formerly a United States Coast Guard cutter. The flag of FARLEY MOWAT and its home port at the time of the Ramming is currently unknown. Claimant is informed and believes that FARLEY MOWAT was owned, operated, promoted, chartered, crewed, piloted, and managed by SEA SHEPHERD at the time of the Ramming. Further, Claimant is informed and believes that SEA SHEPHERD was the employer of the crew of FARLEY MOWAT at the time of

the Ramming. Claimant is informed and believes that FARLEY MOWAT was purchased by SEA SHEPHERD, before the Ramming for the purpose of performing search and destroy missions against fisherman for SEA SHEPHERD.

6. SEA SHEPHERD was all times relevant a corporation organized, incorporated and existing under the laws of the State of Oregon. According to the Annual Report filed with the Secretary of State of Oregon on April 5, 2021, by SEA SHEPHERD, the principal place of business of SEA SHEPHERD at the time of the Ramming was 209 E. Alameda Ave, Suite 205, Burbank, California 91502. SEA SHEPHERD at all times relevant, also maintained a Los Angeles, California and San Diego, California Chapter of SEA SHEPHERD.

**PERSONAL JURISDICTION AND VENUE**

7. This Court has personal jurisdiction and venue over SEA SHEPHERD because Plaintiff SEA SHEPHERD filed this LOLA action in this district. It has also admitted in paragraph 4 of the Complaint herein that personal jurisdiction and venue are proper in this district. Further, personal jurisdiction and venue are proper in this district on the basis that SEA SHEPHERD registered with the California Secretary of State to do business in California thereby consenting to general personal jurisdiction and venue in the State of California and in this district. Further, the facts of the Ramming and the acts of SEA SHEPHERD have resulted in there being specific jurisdiction in this district.

8. The Ramming was the direct result and end product of a mission plan ("Mission Plan") that was created and developed by the officers, directors and managing agents of SEA SHEPHERD at its headquarters and/or principal place of business in California by the officers, directors and managing agents of SEA SHEPHERD. The wrongful acts and omissions of the officers, directors and managing agents of SEA SHEPHERD at or before the time of the Ramming were negligent, grossly negligent, reckless, wanton, and willful, with conscious disregard for the safety of Claimant and the Decedent and intentional. These

wrongful acts and omissions were the legal and substantial factor cause of the Ramming of Claimant's Panga and his injuries and damages. The foregoing wrongful acts of SEA SHEPHERD that caused the Ramming where not committed in the Republic of Mexico but in the United States at its headquarters in the United States and/or its places of business in this district.

9. According to SEA SHEPHERD's filing with the California Secretary of State on June 28, 2021, SEA SHEPHERD is still doing business in California and now has a headquarters in Alexandria, Virginia.

10. At all times relevant, SEA SHEPHERD was not domiciled in Mexico. Claimant is informed and believes that the employee crew of FARLEY MOWAT were not citizens of Mexico nor domiciled in Mexico. Further, Claimant is informed and believes that SEA SHEPHERD's employee crew primarily were citizens of the United States and/or domiciled in the United States and/or hired out of SEA SHEPHERD's offices in California.

11. The business records and documents that evidence the Mission Plan are located in SEA SHEPHERD's Virginia headquarters and/or, principal place of business in California and/or in the offices of its Los Angeles and San Diego Chapters in California. Further, the photographs, recordings and other tangible evidence of the wrongful acts that occurred at the time of the Ramming are located in SEA SHEPHERD's Virginia headquarters and/or, principal place of business in California and/or in the offices of its Los Angeles and San Diego Chapters in California. Further, the computers storing all communications relevant to the creation and the development of the Mission Plan are located in SEA SHEPHERD's Virginia headquarters and/or, its principal place of business in California and/or in the offices of its Los Angeles and San Diego Chapters in California. Plaintiff is informed and believes that many of the officers, directors and managing agents of SEA SHEPHERD who were responsible for sending FARLEY MOWAT and micro-managing the crew of the vessel on the search and

destroy mission that resulted in the Ramming reside in California and certainly in the United States.

12. The procedural Civil Code of Baja California, Mexico (where the Ramming occurred) and all procedural civil codes in Mexico bar this personal action from being brought in Mexico. Under Mexican law, the proper venue for this case is either Oregon, California, or Virginia.

> *Art. 157.- The competent judge is: (…); IV.- The domicile of the defendant, if it is the exercise of an action on movable property, or of personal actions or of the marital status.*

13. According to provision 33 of Civil Code of Baja California, Mexico:

> *Art. 33.- Legal entities have their domicile in the place where their administration is established. (…)*

14. At the time of the Ramming, SEA SHEPHERD has its principal place of business or domicile in Burbank, California. In terms of Mexican law, the courts in this district are the competent and most convenient court to handle the case.

### FIRST CLAIM FOR RELIEF
### (Negligence And Other Wrongful Conduct Against SEA SHEPHERD)

15. Claimant incorporates each and every allegation contained in paragraphs 1 through 14, as though fully set forth herein.

16. At the time of the Ramming, FARLEY MOWAT was on a Mission Plan in the Gulf of Baja California designed to search and destroy any fishing nets that she could find and by any means possible to harass, intimidate, and stop net fishing by any commercial fisherman they encounter at sea. FARLEY MOWAT was specifically designed, modified, and equipped by the officers, directors and managing agents of SEA SHEPHERD to be able to harass and to perform attacks

on fisherman and destroy and collect fishing nets. Her crew was trained and outfitted by the officers, directors and managing agents of SEA SHEPHERD with combat gear and weapons of various varieties for the purpose of attacking fisherman they encountered. Her caption and crew were indoctrinated, trained, and instructed by the officers, directors and managing agents of SEA SHEPHERD to use all means available, including deadly force, to stop commercial fisherman encountered on the sea. One of the deadly tactics employed by FARLEY MOWAT, was the intentional running of the vessel over nets tended by commercial fisherman and to disregard the safety of commercial fisherman protecting their nets, if necessary.

17. At the time of the Ramming, Claimant was unaware that SEA SHEPHERD and FARLEY MOWAT intended to use deadly force by ramming fishing vessels, if necessary, to stop commercial fishing in the waters of the Gulf of California. Before the Ramming, Claimant observed FARLEY MOWAT in the area where Decedent and he had set their fishing net. On prior occasions, FARLEY MOWAT and another SEA SHEPHERD vessel, F/V El Tiburon, had harassed commercial shrimp fisherman in the area. Decedent and Claimant did not want any trouble, so they worked to retrieve their net as soon as possible. However, before they could retrieve their net, FARLEY MOWAT sighted them and headed towards them. To warn FARLEY MOWAT of the location of their net, Claimant circled the Panga in a clockwise fashion around the perimeter of the net making a readily observable wake. FARLEY MOWAT observed Claimant and Decedent circling the net, but instead of changing its course to avoid a collision as required by U.S. law and the law of all maritime nations, she headed towards the Panga at a high rate of speed. FARLEY MOWAT then rammed the Panga in which Claimant and the Decedent were riding.

18. The captain and crew of FARLEY MOWAT could clearly see Claimant and Decedent circling their net in front of them but nevertheless acted in

accordance with the orders of the officers, directors and managing agents of SEA SHEPHERD and the Mission Plan and rammed the Panga in which Claimant and the Decedent were riding. The ramming took place during daylight hours in good weather and seas.

19. The ramming of the Panga was videotaped from the bridge area of FARLEY MOWAT. The video tape shows FARLEY MOWAT ran directly over the Panga without making any effort to avoid the collision. When the FARLEY MOWAT bow hit the Panga, it delivered a blow with enormous and deadly force that split the Panga in half. Many other videos were taken of the aftermath of the Ramming that showed FARLEY MOWAT refusing or failing to rescue Decedent and Claimant in accordance with the Mission Plan. The failure of FARLEY MOWAT to rescue Decedent and Claimant contributed to Decedent's and Claimant's injuries and damages.

20. The wrongful acts and omissions of the officers, directors and managing agents of SEA SHEPHERD and the crew of FARLEY MOWAT at the time of the Ramming and refusal to rescue and render aid were negligent, grossly negligent, reckless, wanton, and willful, with conscious disregard for the safety of Plaintiff and the Decedent and intentional. Further, said acts and omissions violated numerous laws, statutes, regulations, rules applicable to the vessel and her crew under international law and the laws of the United States and the laws of all maritime nations governing vessels like FARLEY MOWAT and her captain and crew.

21. SEA SHEPHARD's wrongful acts and omissions were a substantial factor in causing Claimant to sustain serious injuries. Claimant was injured through no fault of his own but solely as a legal and a substantial factor result of SEA SHEPHERD's and FARLEY MOWAT's wrongful conduct.

22. As a further result of the wrongful conduct of SEA SHEPHERD and FARLEY MOWAT, Claimant has sustained and will continue to sustain damages,

including and without limitation, general damages, special damages, past and future medical expenses, emotional distress, loss of enjoyment of life and pain and suffering, all of which will be established at trial according to proof.

23. The foregoing acts and omissions of SEA SHEPHERD and its officers, directors, managing agents and employees were grossly negligent, reckless, wanton, and willful, in conscious disregard for the safety of Claimant and the Decedent and intentional. As a result, Claimant is entitled to an award of punitive damages. All the wrongful conduct complained of in this Complaint was done with the consent, ratification or participation by the officers, directors and managing agents of SEA SHEPHERD.

## SECOND CLAIM FOR RELIEF

**(Intentional Infliction of Emotional Distress Against Sea Shepherd)**

24. Claimant refers to and by that reference incorporates as though fully set forth herein, each and every allegation contained in paragraphs 1 through 23, above.

25. The wrongful conduct of SEA SHEPHERD and its officers, directors, managing agents and employees was extreme and outrageous. SEA SHEPHERD intended to cause Claimant emotional distress by: 1) intentionally driving towards the Panga at the extremely high rate of speed; 2) not slowing down or turning away, despite the Panga's clear signaling to the FARLEY MOWAT of their presence and location; 3) intentionally acting in such a way to cause fear and severe emotional distress to Claimant, who was in the zone of danger of physical harm; 4) Ramming the Panga; and 5) failing to rescue or render aid. SEA SHEPHERD took the aforementioned actions with a reckless disregard for Claimant's emotional well-being. As a result of the conduct of SEA SHEPHERD, Claimant suffered significant and severe emotional distress damages.

26. The foregoing acts and omissions of SEA SHEPHERD and its officers, directors, managing agents and employees were grossly negligent, reckless, wanton and willful, in conscious disregard for the safety of Claimant and the Decedent and intentional. Claimant is entitled to an award of punitive damages. All the wrongful conduct complained of in this Complaint were done with the consent, ratification or participation by the officers, directors and managing agents of SEA SHEPHERD.

### THIRD CLAIM FOR RELIEF
### (Negligent Infliction of Emotional Distress Against Sea Shepherd)

27. Claimant refers to and by that reference incorporates as though fully set forth herein, each and every allegation contained in paragraphs 1 through 26, above.

28. SEA SHEPHERD owed a duty to Claimant to act as reasonable, prudent persons. The wrongful acts or omissions of SEA SHEPHERD and its officers, directors, managing agents and employees that were in violation of U.S. General Maritime Law and international law, included, without limitation, running directly towards Claimant at a high rate of speed and ramming them and then failing to rescue or render aid. Claimant was in the zone of danger when the FARLEY MOWAT traveled towards the Panga at a high rate of speed and then rammed the Panga.

29. The acts and omission of SEA SHEPHERD were a substantial factor in causing Claimant to suffer emotional distress damages.

### FOURTH CLAIM FOR RELIEF
### (Assault And Battery)

30. Claimant refers to and by that reference incorporates as though fully set forth herein, each and every allegation contained in paragraphs 1 through 29, above.

31. SEA SHEPHERD and its officers, directors, managing agents and employees attempted and did cause harmful, offensive, and violent physical contact with Claimant in violation of U.S. General Maritime Law and other applicable law. As a direct result of SEA SHEPHERD's violent Ramming and assault on Claimant and the Panga as alleged in this Complaint, Plaintiff experienced severe and likely permanent injuries and harm, all of which were reasonably foreseeable.

32. SEA SHEPHERD is liable for the assault or battery perpetrated by its agents and/or employees because all the wrongful acts complained of in this Complaint were performed within the course and scope of their employment and where SEA SHEPHERD directed, authorized, or ratified the acts constituting assault and battery. As a result of SEA SHEPHERD's assault and battery of Claimant, Claimant has experienced significant damages, which are entitled to fair compensation for his harm to be determined by a trier of fact. These damages include pain and suffering, emotional and mental distress, past and future medical expenses, loss of past and future earnings and earning capacity, and punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Claimants pray for judgment against SEA SHEPHERD, as follows:

A. For economic special damages, non-economic, general damages, punitive damages, and other allowable damages in an amount according to proof at trial.

B. For costs of suit.

C. For interest from the date of the incident herein alleges to the time of judgement; and

D. For such other and further relief as this Honorable Court deems just and proper.

## DEMAND FOR JURY TRIAL

Claimant SERGIO MARTINEZ VALDEZ hereby demands a trial by jury on all claims for relief.

## II.

## CLAIMANT'S ANSWER TO THE COMPLAINT

Specifically reserving all defenses asserted herein below, Claimant responds to the individual Paragraphs of the Complaint, upon information and belief, as follows:

33. The allegations contained in Paragraph 1 of the Complaint are admitted.
34. The allegations contained in Paragraph 2 of the Complaint are admitted.
35. The allegations contained in Paragraph 3 of the Complaint are denied for lack of knowledge or information sufficient to form a belief about the truth of said allegations.
36. The allegations contained in Paragraph 4 of the Complaint are admitted.
37. The allegations contained in Paragraph 5 of the Complaint are denied.
38. The allegations contained in Paragraph 6 of the Complaint are denied for lack of knowledge or information sufficient to form a belief about the truth of said allegations.
39. Claimant admits that Claimant was residing within the Mexican State of Baja California Norte ("BCN"), Mexico, but the remaining allegations contained in Paragraph 7 of the Complaint are denied for lack of knowledge or information sufficient to form a belief about the truth of said allegations.
40. The allegations contained in Paragraph 8 of the Complaint are admitted.

41. The allegations contained in Paragraph 9 of the Complaint are admitted.
42. The allegations contained in Paragraph 10 of the Complaint are denied.
43. The allegations contained in Paragraph 11 of the Complaint are denied for lack of knowledge or information sufficient to form a belief about the truth of said allegations.
44. The allegations contained in Paragraph 12 of the Complaint are denied for lack of knowledge or information sufficient to form a belief about the truth of said allegations.
45. The allegations contained in Paragraph 13 of the Complaint are admitted.
46. The allegations contained in Paragraph 14 of the Complaint are admitted.
47. The allegations contained in Paragraph 15 of the Complaint are admitted.
48. The allegations contained in Paragraph 16 of the Complaint are denied.
49. The allegations contained in Paragraph 17 of the Complaint are denied for lack of knowledge or information sufficient to form a belief about the truth of said allegations.
50. The allegations contained in Paragraph 18 of the Complaint are denied for lack of knowledge or information sufficient to form a belief about the truth of said allegations.
51. The allegations contained in Paragraph 19 of the Complaint are denied for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

52. The allegations contained in Paragraph 20 of the Complaint are denied for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

53. The allegations contained in Paragraph 21 of the Complaint are denied for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

54. The allegations contained in Paragraph 22 of the Complaint are denied.

55. The allegations contained in Paragraph 23 of the Complaint are denied for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

56. The allegations contained in Paragraph 24 of the Complaint are admitted.

57. The allegations contained in Paragraph 25 of the Complaint are denied.

58. The allegations contained in Paragraph 26 of the Complaint are denied.

59. The allegations contained in Paragraph 27 of the Complaint are denied.

60. The allegations contained in Paragraph 28 of the Complaint are denied.

61. The allegations contained in Paragraph 29 of the Complaint are denied for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

62. The allegations contained in Paragraph 30 of the Complaint are denied.

63. The allegations contained in Paragraph 31 of the Complaint are denied for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

64. The allegations contained in Paragraph 32 of the Complaint are denied for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

65. The allegations contained in Paragraph 33 of the Complaint are denied for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

66. The allegations contained in Paragraph 34 of the Complaint are denied for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

67. The allegations contained in Paragraph 35 of the Complaint are denied for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

68. The allegations contained in Paragraph36 of the Complaint are denied for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

69. The allegations contained in Paragraph 37 of the Complaint are denied for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

70. The allegations contained in Paragraph 38 of the Complaint are denied for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

71. The allegations contained in Paragraph 39 of the Complaint are denied.

72. The allegations contained in Paragraph 40 of the Complaint are denied for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

73. The allegations contained in Paragraph 41 of the Complaint are denied.

74. The allegations contained in Paragraph 42 of the Complaint are denied.

75. The allegations contained in Paragraph 43 of the Complaint are denied for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

76. Any allegation not specifically admitted, qualified or denied is hereby denied.

## III.
## CLAIMANT'S AFFIRMATIVE DEFENSES TO THE COMPLAINT
### CLAIMANT'S FIRST AFFIRMATIVE DEFENSE

77. The allegations of the Complaint fail to state a claim upon which relief can be granted.

### CLAIMANT'S SECOND AFFIRMATIVE DEFENSE

78. Assuming arguendo that Plaintiff has stated a claim in the Complaint, the limitation fund alleged is inadequate, and the Complaint should be dismissed because the fund Plaintiff has alleged is unreasonably low in relation to the casualty suffered by Claimant and cannot be justified either economically or jurisprudentially.

### CLAIMANT'S THIRD AFFIRMATIVE DEFENSE

79. The Complaint is barred by the applicable statute of limitations.

///
///

**CLAIMANT'S FOURTH AFFIRMATIVE DEFENSE**

80. Assuming arguendo that Plaintiff has stated a claim in the Complaint, Plaintiff cannot limit its liability because the acts and omissions which caused the Ramming took place with the privity or knowledge of the owners, managing owners and managing agents of SEA SHEPHERD.

**CLAIMANT'S FIFTH AFFIRMATIVE DEFENSE**

81. Plaintiff has alleged claims in the Complaint for which it has no right to limit damages under the Limitation of Liability Act.

**CLAIMANT'S SIXTH AFFIRMATIVE DEFENSE**

82. Assuming arguendo that Plaintiff has stated a claim in the Complaint, the Complaint is barred by the doctrine of estoppel and/or unclean hands.

**CLAIMANT'S SEVENTH AFFIRMATIVE DEFENSE**

83. Assuming arguendo that Plaintiff has stated a claim in the Complaint, the Complaint is barred by the doctrine of laches.

**CLAIMANT'S EIGHTH AFFIRMATIVE DEFENSE**

84. Assuming arguendo that Plaintiff has stated a claim in the Complaint, at the appropriate time, preserving Plaintiff's right to adjudicate it right to limitation in this Court, this action should be stayed and Claimant allowed to try liability and damages in the Superior Court of California or otherwise before a jury.

**CLAIMANT'S NINTH AFFIRMATIVE DEFENSE**

85. Assuming arguendo that Plaintiff has stated a claim in the Complaint, Claimant reserves the right to contest the alleged value of the FARLEY MOWAT, her engines, apparel, equipment, etc.

## IV.

## PRAYER OF ANSWER

86. That Plaintiff's Complaint and Petition for Exoneration from or Limitation of Liability be denied and dismissed with prejudice.

87. That Claimant be awarded their costs of suit.

88. That Claimant be awarded all sums and relief set forth in his Claim.

89. That Claimant be awarded such other relief as the Court deems just and proper.

Respectfully submitted this 2nd day of November 2021.

**BANNING LLP**

By: _____
William L. Banning
*Attorneys for Claimant Sergio Martinez Valdez*

**CERTIFICATION OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service of documents are being served with a copy of the foregoing document via the Court's CM/ECF system per Local Rules.

*/s/ Sindy Winkelhake*
Sindy Winkelhake