PAMELA L. SCHULTZ (SBN 269032)
pamela.schultz@kennedyslaw.com
BRAD H. PACE (SBN 302510)
brad.pace@kennedyslaw.com
SHAIN WASSER (SBN 293706)
shain.wasser@kennedyslaw.com
KENNEDYS CMK LLP
101 California St., Suite 1225
San Francisco, CA 94111
T: (415) 323-4463
F: (415) 323-4445

Attorneys for Defendant
SEA SHEPHERD CONSERVATION
SOCIETY

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In the matter of the Complaint of SEA SHEPHERD CONSERVATION SOCIETY, as owner of the Motor Vessels FARLEY MOWAT, IMO No. 4685327, and SHARPIE, IMO No. 4685315 and her engines, equipment, tackle, apparel, appurtenances, etc., for Exoneration from or Limitation of Liability. | **IN ADMIRALTY**<br><br>Case No. 2:21-cv-07098-ODW-KS (Consolidated with Case No. 2:21-cv-07102-ODW-KS)<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Complaint Filed: September 2, 2021<br>Pretrial Conference: March 27, 2023<br>Trial Date: April 21, 2023 |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on the parties' Stipulated Protective Order ("Stipulation") filed on October 13, 2022, the terms of the protective order to which the parties have agreed are adopted as a protective order of this Court (which generally shall govern the pretrial phase of this action) except to the extent, as set forth below, that those terms have been modified by the Court's amendment of paragraph 3 of the Stipulation.

1

1
2
3

## AGREED TERMS OF THE PROTECTIVE ORDER AS ADOPTED AND MODIFIED BY THE COURT[1]

4   1.      A.      PURPOSES AND LIMITATIONS

5           Disclosure and discovery activity in this action are likely to involve production
6   of confidential, proprietary, or private information for which special protection from
7   public disclosure and from use for any purpose other than prosecuting this litigation
8   may be warranted. Accordingly, the parties hereby stipulate to and petition the court
9   to enter the following Stipulated Protective Order. The parties acknowledge that this
10  Order does not confer blanket protections on all disclosures or responses to discovery
11  and that the protection it affords from public disclosure and use extends only to the
12  limited information or items that are entitled to confidential treatment under the
13  applicable legal principles. The parties further acknowledge, as set forth in
14  Section 12.3, below, that this Stipulated Protective Order does not entitle them to file
15  confidential information under seal; Civil Local Rule 79-5 sets forth the procedures
16  that must be followed and the standards that will be applied when a party seeks
17  permission from the court to file material under seal.

18          B.      GOOD CAUSE STATEMENT

19          Sea Shepherd Conservation Society ("SSCS") submits that good cause exists to
20  enter into this Stipulated Protective Order, and based on the available information and
21  anticipated scope of discovery to protect: (1) the names and other personal
22  information of representatives of SSCS and/or crewmembers of the M/V SHARPIE
23  and M/V FARLEY MOWAT; (2) protect from public disclosure policies, procedures
24  and certain communications relating to SSCS activities in the Upper Gulf of
25  California; and (3) prevent public dissemination of videos and similar materials of

26  _____

27  [1]     The Court's additions to the agreed terms of the Protective Order are generally indicated in
    bold typeface, and the Court's deletions are indicated by lines through the text being deleted.
28

2

activities and events involving a cooperation agreement between SSCS and the Mexican government.

By way of background, SSCS, SSCS is a non-profit corporation, which has as one of its missions the protection of totoaba and vaquita porpoise in the Upper Gulf of California, Sea of Cortez. The missions of SSCS to protect totoaba and the vaquita porpoise have been subject to controversy and have from time to time resulted in an emotional backlash by members of the fishing community, among other groups. SSCS believes that the potential danger to the crews of SSCS vessels is enhanced if certain information, such as the policies and procedures of SSCS and the identity of its crews are made public and hence SSCS seeks this protective order. At present, SSCS anticipates that a limited number of documents will be marked HIGHLY CONFIDENITAL – ATTORNEY AND EXPERT EYES ONLY.  Erring on the side of the protection of human life, Plaintiffs do not oppose a reasonable protective order that does not prejudice Plaintiffs' ability to discovery relevant facts and prove their cases at trial. SSCS will provide further information to the Court if requested.

2.  DEFINITIONS

2.1.  Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.2.  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY AND EXPERT EYES ONLY" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3.  Counsel (without qualifier):  Outside Counsel or House Counsel (as well as their support staff).

2.4.  Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEY AND EXPERT EYES ONLY.

2.5.   <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6.   <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7.   <u>House Counsel</u>:  attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel.

2.8.   <u>Non-Party</u>:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9.   <u>Outside Counsel</u>:  attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party or attorneys who are not employees of a party to this action but are retained to represent or advise a party in connection with the events which took place on or about December 31, 2020.

2.10.  <u>Party</u>:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, House Counsel and Outside Counsel (and their support staffs).

2.11.  <u>Producing Party</u>:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12.  <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

4

2.13.  <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEY AND EXPERT EYES ONLY.

2.14.  <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. ~~Any use of Protected Material at trial shall be governed by a separate agreement or order.~~ **Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.**

4.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion

5

of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    DESIGNATING PROTECTED MATERIAL

5.1.    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2.    Manner and Timing of Designations.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial

6

proceedings), that the Producing Party affix the legend CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEY AND EXPERT EYES ONLY to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEY AND EXPERT EYES ONLY. After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEY AND EXPERT EYES ONLY legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)     for testimony given in deposition, that the Designating Party identify within 30 days of receipt of the transcript unless the CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEY AND EXPERT EYES ONLY information or protected testimony was identified on the record, before the close of the deposition, hearing, or other proceeding. Where a document attached as an exhibit to a deposition or read into the record at a deposition bears the word CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEY AND EXPERT EYES ONLY, the Designating Party is deemed to have designated the material as

CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEY AND EXPERT EYES ONLY unless that designation is withdrawn.

        (c)    for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEY AND EXPERT EYES ONLY. If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

    5.3.   <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.   <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

    6.1.   <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

    6.2.   <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 *et seq*.

    6.3.   <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the parties shall follow the rules, policies, procedures and/or orders set forth by the Magistrate Judge assigned to this case, the Honorable Karen L. Stevenson, regarding discovery disputes. The burden of persuasion in any such

challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a letter brief to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1. Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2. Disclosure of CONFIDENTIAL Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a) the Receiving Party's Outside Counsel in this action, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     the court and its personnel;

(e)     court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(g)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(h)     any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

7.3.   <u>Disclosure of HIGHLY CONFIDENTIAL – ATTORNEY and EXPERT EYES ONLY Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, counsel for the Receiving Party may not disclose that information to the Party, and is permitted only to disclose any information or item designated HIGHLY CONFIDENTIAL – ATTORNEY and EXPERT EYES ONLY to:

(a)     Counsel for the Receiving Party's staff, such as paralegals, legal assistants, secretaries or those individuals for whom it is reasonably necessary reasonably necessary to disclose the information for this litigation and who have

STIPULATED PROTECTIVE ORDER
CASE NO. 2:21-cv-02553-ODW-KS

signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

        (b)    the Receiving Party's Outside Counsel in this action, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

        (c)    the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

        (d)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

        (e)    the court and its personnel;

        (f)    court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

        (g)    during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

        (h)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

        (i)    any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

8.  <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEY and EXPERT EYES ONLY that Party must:

(a)   promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)   promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)   cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEY and EXPERT EYES ONLY before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its Protected Material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.  <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a)   The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the

remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)     promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)     make the information requested available for inspection by the Non-Party.

(c)     If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or

13

persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

12.    MISCELLANEOUS

12.1.    Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2.    Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3.    Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil

14

Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.

13. <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or certify that it has destroyed such material or that the material has been blocked from further access. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed; (2)affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material; or (3) affirms that the Receiving Party has ensured that copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material have been deleted from servers and/or are not accessible to others. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED:  October 12, 2022                    KENNEDYS CMK LLP


By: /s/ *Pamela L. Schultz*
PAMELA L. SCHULTZ

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BRAD H. PACE

Attorneys for Plaintiff in Limitation
SEA SHEPHERD CONSERVATION
SOCIETY

DATED:  October 12, 2022                KHASHAYAR LAW GROUP

By: /s/ *Taylor Marks*
DARYOOSH KHASHAYAR
TAYLOR MARKS

Attorneys for Claimants
ANGELA TOLEDO MARIN, KAREN
AMERICA TOLEDO OLIVERA, and
KIMBERLY TOLEDO OLIVERA

DATED:  October 12, 2022                BANNING LLP

By: /s/ *William Banning*
WILLIAM BANNING

Attorneys for Claimant
SERGIO MARTINEZ VALDEZ

I, Pamela L. Schultz, am the ECF user whose password and login are being used to file this Stipulated Protective Order.  I attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

/s/ *Pamela L. Schultz*

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: October 14, 2022

Hon. Karen L. Stevenson
United States Magistrate Judge

16

STIPULATED PROTECTIVE ORDER
CASE NO. 2:21-cv-02553-ODW-KS

## EXHIBIT A

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____, _____, _____, _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of *In the matter of the Complaint of SEA SHEPHERD CONSERVATION SOCIETY*, Case No. 2:21-CV-07098-ODW-KS. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____, _____, _____, _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

17